UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

RECEIPT # 15233
AMOUNT $
SUMMONS ISSUED Y-1
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 6-26-05

| | |
|---|---|
| Edwin W. Barr, *Pro Se* ) | Case No.: No. |
| ) | |
| Plaintiff, ) | Complaint of Age Discrimination |
| ) | |
| vs. ) | |
| ) | |
| Staples Inc., Brian Legg, David ) | |
| ) | |
| Greenwood, Philip Mandravelis, ) | |
| ) | |
| Katherine Bresnahan, Teresa Mosher ) | |
| ) | |
| Defendants ) | |
| ) | |
| ) | |

05cv11344 MLW

MAGISTRATE JUDGE Alexander x38

Barr v. Staples Inc. - 1

## I. THE COMPLAINT

Plaintiff Edwin believes and therefore avers that Defendant corporation and its' herein named employees: Brian Legg, David Greenwood, Philip Mandravelis, Katherine Bresnahan and Teresa Mosher violated the Age Discrimination in Employment Act of 1967.

## II. THE PARTIES

1. The Plaintiff is a resident of 14 Hathorne Lane, Orleans, Barnstable County, Massachusetts and a citizen of the United States.

2. The Defendant Staples Inc. is a Delaware Corporation with a principal place of business at 500 Staples Drive, Framingham, MA 01702. Attorney of Record for Service of Process is Scott Plotnick, Esquire - Employment and Labor Counsel for Defendant Corporation with an office location at 500 Staples Drive, 2 West, Framingham, MA 01702.

3. Defendant Brian Legg is the national field recruiter for Staples Inc. with an office location at 500 Staples Drive, Framingham, MA 01702.

4. Defendant David Greenwood is the General Manager of Staples store number 1116 located at 128 Route 6A Orleans, MA 02653 and a subordinate of Philip Mandravelis.

5. Defendant Philip Mandravelis is the District Manager for Staples Inc. with an office location at the Staples store at 131 Samoset Street (Route 44) in Plymouth, MA.

6. Katherine Bresnahan is General Manager of Staples store number 154 located at 364 Barnstable Road Hyannis, MA 02601 and a subordinate of Philip Mandravelis.

7. Teresa Mosher is a Human Resource Manager for Staples Inc. with an office location at 752 Upper Glen Street, Queensbury, NY 12804.

## III. JURISDICTION

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 et seq.

## IV. BACKGROUND OF THE COMPLAINT

9. Plaintiff filed a complaint with the Massachusetts Commission Against Discrimination on September 18, 2003 alleging that Defendants violated 29 U.S.C., Chapter 14 the Age Discrimination in Employment Act of 1967. A copy of the complaint logged as MCAD docket number 03BEM02368 and EEOC charge number 16CA302509 is attached hereto (Attachment 1) and, by reference, is incorporated into this complaint.

10. On November 20, 2003 counsel for Defendant Corporation filed the Company's response to Plaintiff's complaint (Attachment 2). Plaintiff responded (Attachment 3) to Mr. Plotnick's assertion and stated his position that the Company conspired to build a case for his termination from the outset. Plaintiff reiterated his position that an independent investigation of the charges would validate his position.

11. On August 27, 2004 Dorca I. Gomez, Investigating Commissioner for the Massachusetts Commission Against Discrimination endorsed the memorandum of Investigator Nickolas M. Connery and dismissed the complaint (Attachment 4).

12. Plaintiff timely filed an appeal to this decision on September 7, 2004 (Attachment 5) and argued that the investigator incorrectly addressed and/or did not address a number of issues in the complaint. Specifically, Plaintiff did not file a complaint for "failure to hire" as he was, in fact, hired by Defendant Corporation. Plaintiff stated his belief that the Commission's finding that "all claims concerning failure to hire must be

dismissed as untimely" was in error and that the issues raised in the complaint regarding the hiring, orientation and training processes utilized (or ignored) by the Defendant's must be investigated in making a valid determination regarding the existence of a pattern and practice of harassment and disparate discriminatory treatment.

13. On September 22, 2004 (Attachment 6) Plaintiff was notified that a hearing on the Appeal would be held on October 12, 2004.

14. Plaintiff attended the hearing that lasted approximately ten minutes. The Hearing Officer failed to address any of the issues raised in the letter of Appeal referenced in Paragraph 12 above. Plaintiff addressed these issues in a letter to Katlin Sheehan, Hearing Officer, dated October 13, 2004 (Attachment 7). Plaintiff alleges that Defendant Corporation and its' agents, unable to find legitimate reasons to reject him as a candidate for employment, created a "self fulfilling prophesy" for failure known in the literature as the Pygmalion effect. Defendants "set up" Plaintiff for termination by failing to provide proper training, harassment, intimidation, and innumerable episodes of arbitrary, capricious, disparate and discriminatory treatment.

15. On December 7, 2004 Plaintiff was notified the initial finding of Lack of Probable Cause was affirmed (Attachment 8).

16. On January 4, 2005 (Attachment 9) Plaintiff objected to the finding of lack of probable cause and requested copies of all notes, transcripts, exhibits, memoranda, etc. collected by the Commission during the investigation and appeal of the complaint.

17. On April 6, 2005 Plaintiff was notified the EEOC adopted the findings of the MCAD and informed of his right to file suit in Federal Court (Attachment 10).

18. The information requested in Paragraph 16 above was received on April 21, 2005 and confirms Plaintiff's belief that the investigation was incomplete and incorrect. The materials supplied provide no indication that the Commission interviewed anyone other than representatives of management or took any action to investigate the allegations in the Complaint.

## V. FACTS

19. Defendant Brian Legg as detailed in Section III Paragraphs 9 through 17 and 21 of the complaint filed with the Massachusetts Commission Against Discrimination through delay, procrastination and bureaucratic procedure attempted to discourage and dissuade the application, interview and selection of Plaintiff based upon arbitrary, capricious, disparate and discriminatory criteria.

20. Defendant Philip Mandravelis attempted to induce Plaintiff to abandon his candidacy by requiring him to wait for over an hour for a scheduled employment interview, and then met with him for only fifteen minutes. Mandravelis, in an effort to find a reason to reject Plaintiff's candidacy, took extraordinary action and required Plaintiff to meet for over two hours with the Regional Loss Prevention Manager as detailed in Section III Paragraphs 18, 19 and 20 of the complaint filed with the Massachusetts Commission Against Discrimination. The Regional Loss Prevention Manager is known throughout the Company for his aggressive and hostile interviewing technique. He is not in the management hierarchy for the position and has no hiring or firing authority for it. The sole purpose of this meeting was for

the Regional Loss Prevention Manager to attempt to find a legitimate reason to reject Plaintiff's candidacy.

21.   Defendants Teresa Mosher, David Greenwood and Philip Mandravelis breached a good faith contract between the Corporation and the Plaintiff and violated stated company policy by failing to provided the training required and the periodic reviews of the Plaintiff's progress as a operations manager designate as outlined in paragraph 23 of the complaint filed with the Massachusetts Commission Against Discrimination.  Staples has no formal training program as the training of new hires is on-the-job and completely under the control of the host manager.  To ensure the host manager provides the required training periodic reviews are required during the training period described in the contract.  These reviews are conducted by the host General Manager, the District Manager and the cognizant Human Resource Manager; therefore the determination of the success or failure of the trainee is completely arbitrary and under the control of Mosher, Greenwood and Mandravelis.

22.   Defendant Greenwood harassed, intimidated, threatened and prepared bogus and self-serving disciplinary reports about Plaintiff in an arbitrary, capricious, disparate and discriminatory manner while ignoring offences of other employees and managers holding similar responsibilities as detailed in Section III Paragraphs 24 through 56 of the complaint filed with the Massachusetts Commission Against Discrimination.

23.   On April 15, 2003 following the meetings with Defendants Mandravelis and Mosher as detailed in Section III Paragraph 64 of the complaint filed with the Massachusetts Commission Against Discrimination Plaintiff met with Bob Munroe, General Manager of the Staples store in

Plymouth, MA and Plaintiff's immediate manager at the time. Plaintiff asked Munroe if he had been briefed on the meeting with Mandravelis and Mosher and questioned him about any concerns he had about Plaintiff's performance. Munroe responded that he had not been briefed and did not have any problems with Plaintiff's performance. Plaintiff believes the memorandum attributed to Bob Munroe dated March 23, 2003 was created after-the-fact.

24.    The allegations contained in paragraphs 9 through 96 of the complaint filed with the Massachusetts Commission Against Discrimination are reiterated. While Plaintiff believes and therefore avers that Staples Inc. and its' herein named Defendant employees: Brian Legg, David Greenwood, Philip Mandravelis, Katherine Bresnahan and Teresa Mosher wrongfully, intentionally and without foundation discharged Plaintiff in violation of The Age Discrimination in Employment Act of 1967; Plaintiff recognizes that Defendant Corporation may, since these practices are so pervasive in the culture of the Company, be unconcscience of these behaviors. Plaintiff therefore respectfully requests the Court to evaluate this complaint in light of the *Smith v. City of Jackson, Mississippi* decision that postdated the decision to dismiss by the EEOC.

25.    Plaintiff believes and therefore avers that the strategy and tactics of delay, discouragement, harassment, threat and intimidation are not unique to his claim and that he is a member of a potential class of individuals subjected to discrimination by Staples Inc. and its agents, employees and assigns. Plaintiff believes and therefore avers that among a number of motives driving Defendants behavior is the Pygmalion Effect of the "self fulfilling prophesy". Plaintiff, and others of his age, are preordained to fail simply because they do not fit the "twenty something"

demographic of the typical Operations Manager designate. Plaintiff recognizes the limitations placed upon the MCAD and the EEOC due to the volume of cases and staff shortages. Plaintiff believes the interogatory, deposition and document production processes and procedures of the Discovery phase of this action will provide the opportunity for an objective investigation of the nationwide demographic of Staples employees holding similiar position classifications and will reveal a pattern and practice of age based discrimination. Plaintiff therefore reserves the right to modify this action to include all members of the effected class when Discovery provides this evidence.

    Plaintiff enjoys good health and fully intended to continue his working career through and beyond age seventy. Plaintiff has calculated the approxamate value of his expected average annual salary, incentives and supplemental benefits programs for the period from his termination date of July 11, 2003 through the date on which Plaintiff will reach age seventy (January 31, 2010) and demands compensory damages of $550,000.

    Plaintiff was subjected to harrassment, discrimination, threats, embarrassment and intimadation and suffered extreme emotional and physical distress and demands punitive damages in the amount of $5,000,000.

    Plaintiff demands trial by jury.

    Respectfully submitted to the United States District Court for the District of Massachusetts this 27th day of June 2005.

    Edwin W. Barr, *Pro Se*
14 Hathorne Lane
Orleans, MA 02653-2600
Telephone 508-240-1863

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Barr, Edwin W. Pro Se

(b) County of Residence of First Listed Plaintiff: **Barnstable**
(EXCEPT IN U.S. PLAINTIFF CASES)

### DEFENDANTS
**05  11344 MLW**

Staples, Inc.

County of Residence of First Listed: **Middlesex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Plaintiff Pro Se
14 Hathorne Lane
Orleans, MA 02653-2600
telephone 508-240-1863

Attorneys (If Known)
Scott Plotnick, Esquire
Staples Inc.
500 Staples Drive
Framingham, MA 01702
telephone 508-253-7875

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | | [ ] 365 Personal Injury — Product Liability | | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 810 Selective Service |
| | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 850 Securities/Commodities/Exchange |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 891 Agricultural Acts |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 892 Economic Stabilization Act |
| [ ] 195 Contract Product Liability | | | | [ ] 862 Black Lung (923) | [ ] 893 Environmental Matters |
| | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 895 Freedom of Information Act |
| | | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 220 Foreclosure | [x] 442 Employment | Habeas Corpus: | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violation of 29 USC Chapter 14 The Age Discrimination in Employment Act of 1967.

### VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: June 27, 2005
SIGNATURE OF ATTORNEY OF RECORD: /s/ Edwin W. Barr

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) **BARR vs STAPLES, INC**

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
   \* Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V. 150, 152, 153.

   **05 – 11344 MLW**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)). _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)   YES ☐   NO ☐
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   YES ☐   NO ☐

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL DIVISION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES ☐   NO ☐
   OR IN THE WESTERN DIVISION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? (SEE LOCAL RULE 40.1(D)).
   YES ☐   NO ☐

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN DIVISIONS OF THE DISTRICT?
   YES ☐   NO ☐
   (a) IF YES, IN WHICH DIVISION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH DIVISION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? _____

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL DIVISION; YES ☐ NO ☐   OR WESTERN DIVISION; YES ☐ NO ☐

11. ALTERNATIVE DISPUTE RESOLUTION - IS THIS CASE SUITABLE FOR ADR? IF SO, BY WHICH ADR?
    EARLY NEUTRAL EVALUATION ☐   MEDIATION ☐   SUMMARY JURY/BENCH TRIAL ☐
    MINI-TRIAL ☐   OTHER ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Edw. W. Barr Pro Se_
ADDRESS _14 HATHORNE LANE_
TELEPHONE NO. _ORLEANS MA 02653-2600_

(Category Form.wpd - 3/28/2000)