# Edwin W. Barr

14 Hathorne Lane
Orleans, MA 02653-2600
508-240-1863
edbarr@verizon.net

October 2, 2005

Mr. Dennis O'Leary
Office of the Honorable Mark L. Wolf
United States District Court
John Joseph Moakley U. S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re: Barr v. Staples Civil Action 05-11344-MLW

Dear Mr. O'Leary:

On September 19, 2005 I received a copy of Staples "Answer to Complaint" in subject case. As I am not interested in engaging in a battle of dueling word processors; I immediately called the *pro se* clerk to determine what, if anything, I needed to do to respond to the "Answer" document. She advised me to contact you. I have attempted to call you on a number of occasions and left voice mail for you on Tuesday September 27, 2005 after receipt of a package of data from Defendants outside counsel labeled "Initial Disclosures of Defendant Staples, Inc."

As I am not represented by counsel and can find nothing in the "Local Rules" I received when I filed or by searching the subject on the Internet; I would appreciate your procedural advice on what is the appropriate next step in this process.

Aside from the attempt by Defendant counsel to add insult to injury by requesting the court to order me to pay their legal fees (I would not have filed *pro se* if I could afford to hire an attorney.); I was not surprised by the contents of the "Answer" document. I expected them to deny all charges. We would not have come this far had they admitted to any wrongdoing.

I had a quite different reaction to the "Initial Disclosures of Defendant Staples, Inc." package. I strongly reject and deeply resent much of its content and implications.

First, outside Counsel for the Defendant appears to be treating this issue with the same cavalier attitude I received from the Human Resource department at Staples. I do not know what the reference to "Bates" in the cover letter relates nor am I now or have I ever been of the female gender. It appears Seyfarth and Shaw handle so many of these complaints for Staples that Ms. Fortier neglected to change the boilerplate in her word processor.

Second, I never before have seen the "Associate Handbook" referenced as attachment Staples 000001 through 000021 although, now having read it, it appears Staples has violated a number of their own policies when applied to the instant case.

Third, I note the memo to Febo attributed to David Greenwood (Staples attachment 000047-000050) regarding alleged deficiencies in my performance is undated leading me to believe it was crafted as an after-the-fact statement to support a pre-planned termination.

Third, much of the other contents of this packet serve to support my position of arbitrary and capricious treatment relative to my peer group. The "Performance Counseling Record" dated 5/3/03 for failure to

● Page 2                                                                October 2, 2005

lock the gates at closing is a good example. Other managers at the location routinely failed to lock the gates and were not disciplined for those failures.

I could go on but I believe I have made the point. If needed or required I will, with your advice and procedural counsel, put these thoughts into a format acceptable to the court for formal filing.

Sincerely,

*[signature]*

Edwin W. Barr
Plaintiff *Pro Se*