UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EDWIN BARR, *pro se* | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 05-11344-MLW |
| v. | ) ) | |
| STAPLES, INC. | ) ) | |
| Defendants. | ) ) | |

## STAPLES INC.'S AMENDED ANSWER TO COMPLAINT

Pursuant to Rules 7, 8 and 12 of the Federal Rules of Civil Procedure, Defendant, Staples, Inc. ("Staples" or "Defendant"),[1] by and through its undersigned attorneys, answers Plaintiff Edwin Barr's ("Plaintiff") Complaint as follows:

PARTIES

1. Staples has insufficient knowledge to admit or deny the allegations contained in Paragraph 1 of the Complaint.

2. Staples admits the allegations contained in the first sentence of Paragraph 2 of the Complaint. Staples denies the remainder of the allegations contained in Paragraph 2 of the Complaint.

3. Staples admits that Defendant Brian Legg is employed by Staples as a Human Resources Generalist and has an office at 500 Staples Drive in Framingham, Massachusetts. Staples denies the remainder of the allegations contained in Paragraph 3 of the Complaint.

---

[1] This answer constitutes the response only of Defendant Staples Inc. to the Complaint. Per the Court's ruling at the August 31, 2006 status conference, the other defendants named in the Complaint will be dismissed from this action.

4. Staples admits that Defendant David Greenwood is a general manager and that he reports to Philip Mandravelis and denies the remainder of the allegations contained in Paragraph 4 of the Complaint.

5. Staples admits that Defendant Philip Mandravelis is a district manager for Staples and denies the remainder of the allegations contained in Paragraph 5 of the Complaint.

6. Staples admits the allegations contained in Paragraph 6 of the Complaint.

7. Staples admits the allegations contained in Paragraph 7 of the Complaint.

## JURISDICTION

8. To the extent Paragraph 8 of the Complaint purports to state a legal conclusion, no response is required. To the extent that a response is required, Staples denies the allegations contained in Paragraph 8 of the Complaint.

## BACKGROUND OF THE COMPLAINT

9. To the extent Paragraph 9 of the Complaint purports to state a legal conclusion, no response is required. To the extent that a response is required, Staples denies the allegations contained in Paragraph 9 of the Complaint, except that Staples admits that Barr filed a charge with the Massachusetts Commission Against Discrimination and with the Equal Employment Opportunity Commission ("Charge"). Further answering, Staples incorporates by reference its Position Statement submitted to the EEOC in response to the Charge (Attachment 2 to the Complaint) and states that the document attached as Attachment 1 of the Complaint speaks for itself.

10. Staples admits the allegations contained in the first sentence of Paragraph 10 of the Complaint. Further answering, Staples denies the remainder of the allegations contained in Paragraph 10 of the Complaint and states that the documents attached as Attachments 2 and 3 to the Complaint speak for themselves.

11. Staples admits the allegations contained in Paragraph 11 of the Complaint. Staples states that the document attached as Attachment 4 to the Complaint speaks for itself. Staples denies that it has discriminated against Plaintiff in any way, and states that it has insufficient knowledge to admit or deny the allegations as to Plaintiff's beliefs described in Paragraph 7 of the Complaint.

12. To the extent Paragraph 12 of the Complaint purports to state a legal conclusion, no response is required. To the extent that a response is required, Staples admits that Plaintiff sought to appeal the MCAD's decision regarding his Charge, and that the language quoted in Paragraph 12 of the Complaint is contained in Attachment 5. Further answering, Staples states that the document attached as Attachment 5 of the Complaint speaks for itself and denies the remainder of the allegations contained in Paragraph 12 of the Complaint.

13. Staples has insufficient knowledge to admit or deny the allegations contained in Paragraph 13 of the Complaint. Staples states that the document attached as Attachment 6 of the Complaint speaks for itself.

14. Staples has insufficient knowledge to admit or deny the allegations contained in the first sentence of Paragraph 14 of the Complaint. Staples denies the remainder of the allegations contained in Paragraph 14 of the Complaint. Further answering, Staples states that the document attached as Attachment 7 of the Complaint speaks for itself.

15. Staples has insufficient knowledge to admit or deny the allegations contained in Paragraph 15 of the Complaint. Staples states that the document attached as Attachment 8 of the Complaint speaks for itself.

16. Staples states that the document attached as Attachment 9 of the Complaint speaks for itself.

17. Staples has insufficient knowledge to admit or deny the allegations contained in Paragraph 17 of the Complaint. Staples states that the document attached as Attachment 10 of the Complaint speaks for itself.

18. Staples has insufficient knowledge to admit or deny when Plaintiff received information he had requested from MCAD. Staples denies the remainder of the allegations contained in Paragraph 18 of the Complaint.

## FACTS

19. Staples denies the allegations contained in Paragraph 19 of the Complaint.

20. Staples denies the allegations contained in Paragraph 20 of the Complaint.

21. Staples denies the allegations contained in Paragraph 21 of the Complaint.

22. Staples denies the allegations contained in Paragraph 22 of the Complaint.

23. Staples denies the allegations contained in Paragraph 23 of the Complaint.

24. To the extent Paragraph 24 of the Complaint purports to state a legal conclusion, no response is required. To the extent that a response is required, Staples denies the allegations contained in Paragraph 24 of the Complaint and incorporates by reference its Position Statement submitted to the EEOC in response to the Charge (Attachment 2 to the Complaint).

25. Staples denies the allegations contained in Paragraph 25 of the Complaint.

## ADDITIONAL DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred to the extent that he fails to set forth a prima facie case of employment discrimination on the basis of age.

3. Plaintiff should be estopped from asserting some or all of the claims set forth in his Complaint.

4. Without conceding that Plaintiff suffered any damages as a result of any purportedly wrongful act of Defendant, Plaintiff failed to mitigate his damages.

5. Plaintiff's claims are not actionable because the employment practices and/or decisions challenged in the Complaint are justified by legitimate, non-discriminatory and non-retaliatory reasons.

6. Defendant complied with all laws and regulations and otherwise satisfied its statutory obligations toward Plaintiff under M.G.L. c. 151B and/or the Age Discrimination in Employment Act.

7. Plaintiff's claims are barred in whole or in part because he was an at-will employee and, therefore, had no contract of employment or right to continued employment with Defendant.

8. To the extent that Plaintiff's claims are based on alleged disparate treatment, Plaintiff fails to compare himself to a similarly situated employee.

9. To the extent that Plaintiff's claims are based on alleged disparate impact, Plaintiff claims are barred by the statute of limitations.

10. Plaintiff's Complaint fails to set forth facts sufficient to constitute a claim for exemplary or punitive damages.

11. Plaintiff cannot recover damages as alleged, or any such damages recovered must be reduced, because Plaintiff caused or contributed to such damages by initiating the actions alleged to have caused his damages.

<u>RESERVATION OF RIGHTS CLAUSE</u>

Staples reserves its right to amend its answers and to assert any additional affirmative defenses as may become available or apparent during the course of discovery in this case.

WHEREFORE, Staples prays that the Court enter judgment:

-6-

1. dismissing the Complaint on the merits and with prejudice;

2. granting to Defendant its costs, including attorneys' fees, incurred in this action;

and

3. granting to Defendant further relief as the Court may deem just and proper.

Respectfully submitted,

STAPLES, INC.

By its Attorney(s),

//s// Krista Pratt
Ariel D. Cudkowicz (BBO # 550577)
Krista G. Pratt (BBO # 644741)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Facsimile:    (617) 946-4801

DATED: September 8, 2006

-7-

**CERTIFICATE OF SERVICE**

    I, Krista G. Pratt, hereby certify that on September 8, 2006, I mailed a copy of the foregoing document by regular mail, postage pre-paid, to Edwin Barr, 14 Hathorne Lane, Orleans, MA  02653-2600, Plaintiff *pro se*.

                                                                                       _//s// Krista Pratt_____
                                                                                        Krista G. Pratt