**Edwin W. Barr**

14 Hathorne Lane
Orleans, MA 02653-2600
508-240-1863
edbarr@verizon.net

FILED
IN CLERKS OFFICE

2006 OCT 23 A 3:16

U.S. DISTRICT COURT
DISTRICT OF MASS.

October 19, 2006

Mr. Dennis O'Leary, Deputy Clerk
Office of the Clerk
United States Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re: Civil Action No. 05-11344- MLW

Dear Mr. O'Leary:

As a Plaintiff pro se I must confess to being unsophisticated in the administrative aspects of my case. I am therefore most appreciative of the help and support you have provided me in the past on these issues. I apologize for burdening you with yet another request for guidance. As I do not know the etiquette involved; I hope my request is not out of line or in violation of any legal ethics.

I contemplated calling you but, since there are a number of things I need to address and they vary in complexity, I believe it may be better to put them in writing.

First, as you know, I requested and received an extension on the September 15, 2006 deadline we established for my initial disclosures. I was able to finish them shortly thereafter and filed them with counsel for the Defendants on September 18, 2006 (copy of my certification attached for you files). In my disclosures I identified a number of people who I believe to have discoverable information supporting my claims (pages 1-6 of initial disclosures attached). While defendant's counsel was quick to subpoena the physicians named in my disclosures for my medical records (Email from Krista Pratt attached), it has been over one month without any response to my request for contact information on the persons I named. As we are operating against a court imposed schedule and time is of the essence I am concerned about the delay in receiving the requested information.

I enjoy a reasonable, if adversarial, relationship with Defendant's counsel, and do not wish to destroy it by confronting her with accusations of foot dragging or malfeasance. As I understand rule 26 (a) (1) (b), Defendant has an obligation to provide these data. I believe it is now late in arriving. I would appreciate your advice on how to proceed. Is this letter of complaint enough to prompt an inquiry from the court to counsel for the Defendant? Do I need to file a motion to compel them to produce the requested information? Do I need to subpoena it? If a subpoena is required can you advise me on where I may obtain blank subpoena forms acceptable to the court?

Second, will the court extend the time lines set in the scheduling conference to penalize the Defendant for the delay? Do I need to put such a request for extension in the form of a motion?

Third, upon receipt of the contact information requested, it is my intention to mail a survey to each named person to inquire of them about the degree to which they remember observing incidents mentioned in my complaint and their willingness to testify to the event. Based on my personal experience with the Defendant Corporation, I am concerned that individuals may be reluctant to respond because of possible retaliation for their cooperation. I would therefore like to offer the opportunity for the response to be anonymous (but not confidential) as I recognize the need for the information to be identifiable if it is to be used as evidence. I propose to send two copies of my survey to each individual; one to be mailed to me with a self-selected password on it and the second mailed to you with the respondent's password, name, address and telephone number. The court then would act

● Page 2                                                                                                    October 19, 2006

as a neutral third party to verify the validity of the data before allowing me to enter it as evidence. Is this a proper procedure for collection of evidence? If not, can you suggest an alternative method?

Fourth, I have today filed Interrogatories numbered 1 through 3 of the 25 allowed by rule (copy of Certification of Service attached for your files). How much time is typically allowed for Defendant to respond to these questions?

Finally, while I will have to review considerable data before selection of persons I want to depose, I am concerned about the mechanics for the process. How do I go about notification of persons I want to depose? Do I simply inform counsel for the Defendant? Do I write the individual to be deposed a letter? Or, is it necessary to serve them with a subpoena?

As a pro se Plaintiff with limited financial resources (my only income at this point is from Social Security) I cannot afford a court stenographer. I think I recall reading that the court may allow videotaped depositions but I do not know how to obtain approval for this data collection method nor do I know about how the chain of custody for evidence collected by video should be maintained. I would appreciate your advice on this.

I am also concerned about a place to conduct the deposition interviews. I know they normally take place in the office of counsel but, since I am pro se, I am wondering if the courthouse has a conference room available to the public that could be reserved for this purpose?

Again, my apologies for burdening you with these administrative issues but I really do not know where else to turn for help. If any of my requests are a violation of legal ethics I would appreciate your advice on where I may get answers to the questions I raised. Do any Boston firms provide *pro bono* advice on such issues? Are there any publicly funded agencies to consult for advice you are prohibited from providing?

I look forward to hearing from you.

Sincerely,


Edwin W. Barr
Plaintiff *pro se*

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Edwin W. Barr,               )   Case No.: 05-11344-MLW
                             )
        Plaintiff, pro se,   )
                             )
    vs.                      )
                             )
Staples Inc. et al,          )
                             )
        Defendant            )
_____)

### INITIAL DISCLOSURES OF PLAINTIFF EDWIN W. BARR

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff pro se, Edwin W. Barr, hereby makes the following initial disclosures:

    A. **INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION SUPPORTING PLAINTIFF'S CLAIMS.**

Plaintiff states that the following individuals, all of whom are either current or past employees of Staples Inc., are likely to have discoverable information that may be used to support Plaintiff's Claims.

To facilitate Discovery through timely depositions and interrogatories Plaintiff requests Defendant to provide contact information on the persons named or identified below as follows:

For those named and numbered 1 - 40 provide current position title (for purposes of identification) and employment location (if still employed). If no longer employed provide the date of termination and the last known home contact address and telephone number.

- 1 -

1  For persons identified and numbered 41 - 53 provide the full and complete name, current position title
2  and work location (if still employed). If no longer employed provide the date of termination and the
3  last known home contact address and telephone number.
4
5  For those other unnamed persons numbered 54 - 62 who, by virtue of their work association with the
6  Plaintiff, may have discoverable information provide the full name, position title and work location (if
7  still employed) and full name, position title, dates of employment and the last known home contact
8  address and telephone number if no longer employed by the Defendant.
9
10  1) Brian Legg, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;
11
12  2) David Greenwood, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;
13  3) Philip Mandravelis, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;
14
15  4) Katherine Bresnahan, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;
16  5) Teresa Mosher, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;
17  6) Maureen Febo, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;
18
19  7) Robert Munroe, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;
20  8) Mark Zibel, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;
21  9) Neil Radford, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;
22
23  10) Seth Krantz, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;
24  11) Robert Riche, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;
25  12) Adam Burns, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

13) Michael Moskowitz, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

14) Helen Ames, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

15) Fred Dyka, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

16) Scott Zambarano, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

17) David Reagan, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

18) Libby DeLuca, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

19) Jeff Trocchio, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

20) Eric Whitcomb, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

21) Michael Ahmond (spelling of last name may not be correct), has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

22) Carl Lopes, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

23) William Madormo, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

24) Demos Parneros, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

25) Mark Sewell, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

26) Susan S. Hoyt, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

27) Jon Tulloch, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

28) Kyle Grace, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

29) Brain Heemsoth, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

30) John Garvey, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

31) Josh Calaferri, has knowledge of aspects of Plaintiff's employment and facts relevant to the

Complaint;

32) Dermott (Walter) McSorley, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

33) Julie Mahoney, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

34) Robert Menzel, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

35) John Walsh, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

36) William Harvey, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

37) Mary Shulte, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

38) Mark Marion, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

39) Heather Wilson, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

40) Jennifer Hogg, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

41) Jessica (last name unknown), the bookkeeper/cash office employee in Plymouth, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

42) Rose (last name unknown), an employee of the technology section of the Plymouth store, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

43) Vanessa (last name unknown), a part-time evening cashier/customer service employee of the Orleans store, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

44) Martha (last name unknown), a stock clerk in the office supplies section of the Orleans store, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

45) Priscilla (last name unknown), the lead cashier in the Hyannis store, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

46) Ida (last name unknown) the lead clerk in the office supplies section of the Plymouth store, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

47) Diane (last name unknown), the administrative assistant for District 18 and based in the Plymouth store, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

48) Paul (last name unknown), the lead clerk in the office furniture section of the Orleans store, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

49) Aaron (last name unknown), a former employee of the technology section of the Orleans store and now believed to be attending college in Maine and/or employed by Staples in Maine, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

50) Chris (last name unknown), a part time employee in the technology section of the Orleans store, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

51) Jamie (last name unknown), the part time Orleans store employee who questioned in the presence of the Plaintiff and others the competence of David Regan a temporarily assigned manager in the Orleans store, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

52) Laura (last name unknown), the part time Orleans store cashier who questioned a paper "gift card" on the night of December 24, 2002, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

53) Dee (last name unknown), the full time day cashier in Plymouth, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

54) Cashier (name unknown) who had been on duty on register 3 in the Hyannis store on June 14, 2003 and was forced to empty her pockets in public by Eric Whitcomb before being moved to register 7, has knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

55) All other unnamed employees (including but not limited to: "Cassie", "Julia", "Marcia", "Nathan" and "Debbie") of the Orleans store whose tenure in that location corresponds to Plaintiff's period of employment with the Defendant Corporation have knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

56) All other unnamed employees of the Plymouth store whose tenure in that location corresponds to Plaintiff's period of employment with the Defendant Corporation have knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

57) All other unnamed employees of the Hyannis store whose tenure in that location corresponds to Plaintiff's period of employment with the Defendant Corporation have knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

58) All other Staples employees who may have had occasion to visit or be temporarily assigned to the Orleans store during the Plaintiff's period of employment with the Defendant Corporation and have knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

59) All other Staples employees who may have had occasion to visit or be temporarily assigned to the Plymouth store during the Plaintiff's period of employment with the Defendant Corporation and have knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

60) All other Staples employees who may have had occasion to visit or be temporarily assigned to the Hyannis store during the Plaintiff's period of employment with the Defendant Corporation and have knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

61) All presenters, participants and guests who attended the New Hire Orientation program at

- 5 -

    Staples Headquarters in Framingham, MA on July 29, 2002 have knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

62) All presenters, participants and guests who attended the Back to Brighton program at the Staples store in Fair Haven, MA on October 17, 2002 have knowledge of aspects of Plaintiff's employment and facts relevant to the Complaint;

Plaintiff states that the following professionals are likely to have discoverable information that may be used to support Plaintiff's Claims of emotional and physical distress.

1) Ripley, Peter M., MD, primary care physician, Yarmouth Medical Associates, 23 White's Path, South Yarmouth, MA 02664.

2) Birbiglia, Vincent, MD - Cape Cod Neurology, 100 Independence Drive, Hyannis, MA 02601

3) Simovic, Drasko, MD - Cape Cod Neurology, 100 Independence Drive, Hyannis, MA 02601

4) Dr. Margenetti, Neurologist, 130 North Street, Hyannis, MA

The following professionals are likely to have discoverable information concerning the Plaintiff's skills and management abilities.

1) Bomrad Ph. D., P., Bomrad Associates, Management Psychologists, Chicago, IL

2) Clarke Ph.D., A., former Director, Executive Assessment Center, International Telephone and Telegraph Corporation, New York, NY

3) Haddock Ph.D., R., Medina & Thompson, Management Psychologists, Chicago, IL

4) Medina Ph.D., R., Medina & Thompson, Management Psychologists, Chicago, IL

5) Pizzuro Ph. D., S., Personnel Research and Development Company (PRADCO), New York, NY

    B.    <u>DOCUMENTS TO SUPPORT PLAINTIFF'S CLAIMS IN THIS ACTION</u>

Plaintiff states that he may use the following documents to support his claims in this action: (Documents listed in 1 and 2 below have been submitted by Defendant and labeled Staples 000001- Staples 000133.)

1) Relevant portions of Plaintiff's personnel file.

2) Relevant portions of Staples' employment policies.

CERTIFICATE OF SERVICE

I, Edwin W. Barr, Plaintiff pro se, hereby certify that I sent a true copy of the Initial Disclosures of Plaintiff via First Class Mail to Krista G. Pratt, Counsel for Defendant Staples, Inc. at Seyfarth Shaw LLP, World Trade Center East, Two Seaport Lane, Suite 300, Boston, MA 02210-2028 on September 15, 2006.

_____
Edwin W. Barr

# Edwin W. Barr

**From:** Pratt, Krista [KPratt@seyfarth.com]
**Sent:** Tuesday, October 03, 2006 10:06 AM
**To:** Edwin W. Barr
**Subject:** Staples case

Ed:

Since this case is now moving forward per the court's scheduling order, I wanted to let you know that we will be sending out discovery requests soon. Specifically, we will be serving subpoenas on the medical providers listed in your initial disclosures, since in our experience it can take a while for doctors to comply with such requests. (We will also send you copies of any subpoenas we serve.) However, the contact information you provided for Dr. Margenetti appears to be invalid. Do you have his full name and work address, so we can ensure that the subpoena goes to the proper person?

Thanks. I hope you and your family are doing well.
Krista

---

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

10/19/2006

CERTIFICATE OF SERVICE

I, Edwin W. Barr, Plaintiff pro se, hereby certify that I served a true copy of Interrogatories numbered one through three of the twenty-five permitted by rule 26.1(c) via First Class Mail to Krista G. Pratt, Counsel for Defendant Staples, Inc. at Seyfarth Shaw LLP, World Trade Center East, Two Seaport Lane, Suite 300, Boston, MA 02210-2028 on October 19, 2006.

_____
Edwin W. Barr
Plaintiff pro se